IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOSE MUNOZ-LEVYA,**

    **Petitioner,**

v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

CASE NO. 2:05-cv-526
CRIM. NO. 2:04-cr-133
JUDGE GRAHAM
MAGISTRATE JUDGE ABEL

**REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner, brings the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255.  This matter is before the Magistrate Judge on the petition, return of writ, and the exhibits of the parties.

For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**I. PROCEDURAL HISTORY**

On August 25, 2004, petitioner Jose Munoz-Levya was charged by information with unlawfully being in the United States after conviction on an aggravated felony and deportation, in violation of 8 U.S.C. §1326(a), (b)(2).  Doc. No. 9.  On September 10, 2004, while represented by counsel and pursuant to a plea agreement, Munoz-Levya pleaded guilty.  Doc. Nos. 10, 11, 12.  On December 3, 2004, he was sentenced to thirty months plus three years supervised release.  Upon his release, he is to be deported.  Doc. No. 16.  Petitioner filed a timely appeal to the United States Court of Appeals for the Sixth Circuit; however, his appeal was dismissed at his request.  *See* Doc. Nos. 17, 18, 19.

On May 26, 2005, petitioner filed the instant *pro* se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. Petitioner now asserts that he was improperly sentenced in under *Shepard v. United States*, 125 S.Ct. 1254 (2005), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).

It is the position of the respondent that petitioner's claims are without merit.

## II. MERITS

Petitioner was sentenced on December 3, 2004. On December 6, 2004, Munoz-Levya filed a notice of appeal; but on December 8 he filed a motion to dismiss his appeal. On December 15, 2004, the United States Court of Appeals for the Sixth Circuit granted that motion. Thus, petitioner's conviction became final after the Supreme Court's June 24, 2004 decision in *Blakely,* but before its January 12, 2005, decision in *Booker*. However, neither *Blakely* nor *Booker* are retroactively applicable to cases on collateral review. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005); *United States v. Saikaly*, 424 F.3d 514 (6th Cir. 2005). Therefore, they do not provide petitioner the relief he seeks.

Petitioner nonetheless asserts that, under *Shepard v. United States, supra*, he should be deported to Mexico in lieu of any prison term. Although petitioner's argument is not entirely clear, he appears to assert that his sentence was unconstitutionally enhanced based upon his prior criminal record. Nothing in the record supports such allegation.

In *Shepard v. United States, supra,* the United States Supreme Court held that, under the Armed Criminal Career Act, a sentencing court cannot look to police reports in determining whether a "plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense." *Id.*, at 1263. Here when Munoz-Levya pled guilty, he admitted that he had

2

previously been convicted of an aggravated felony and that he had willfully re-entered the United States after being deported. *Transcript, Appendix A* to Return of Writ, at 8. Agent Thomas Schifini summarized the facts as follows:

> On January 31, 1995, Jose Munoz-Leyva was convicted in the Superior Court of the State of California, County of Orange, of the sale or transportation of a controlled substance. This conviction classified Mr. Munoz-Leyva as an aggravated felon.
>
> On March 20, 1995, an immigration judge ordered Mr. Munoz-Leyva be deported from the United States.
>
> On March 27, 1995, Mr. Munoz-Leyva was deported from the United States through the San Ysidro port of entry in California. At this time he was advised he was prohibited from re-entering the United States at any time due to his aggravated felony conviction.
>
> He later illegally re-entered the United States sometime after his deportation.
>
> On May 15, 1997, Mr. Munoz-Leyva was convicted in the United States District Court, Central District of California, of possession and sale of counterfeit documents. Mr. Munoz-Leyva was convicted under the name Nicholas Munoz-Leyva at that time.
>
> On November 3, 1997, he was deported through Nogales, Arizona port of entry. He illegally re-entered the United States after his second deportation.
>
> On January 25, 2001, he was arrested in California and charged with a traffic offense. He was turned over to immigration authorities and his prior deportation order was reinstated.
>
> On January 30, 2001, he was deported through the San Ysidro, California port of entry. After a file review, it was determined that there was no Form I 212 which is an application for permission to re-enter the United States which would indicate that Mr. Munoz-Leyva had requested or was granted permission to re-enter the United States.

*Transcript, Guilty Plea,* September 10, 2004, at 17-19.

3

>COURT: Is what he said true and correct?
>DEFENDANT MUNOZ-LEVYA: Yes, sir.
>
>COURT: Is that what you did?
>
>DEFENDANT MUNOZ-LEVYA: Yes, sir.
>
>COURT: Are you offering to plead guilty because you are in fact guilty of the offense charged?
>
>DEFENDANT MUNOZ-LEVYA: Yes, sir.

*Id.*, at 19. Further, petitioner faced a maximum term of twenty years incarceration. *Id.*, at 8. Petitioner's recommended guideline sentence was 30 to 37 months. *Transcript, Sentencing*, December 3, 2004, at 5; *PreSentence Investigation Report*, at 8. He was sentenced to thirty months. *Id.*, at 6. At the time of sentencing, the Court expressly indicated:

> [F]or the record... if I were called upon to sentence this case other than upon the sentencing guidelines, I would impose the same sentence that I just imposed under the guidelines.

*Id.*, at 8.

In *Alamendarez-Torres v. United States,* 523 U.S. 224 (1998), the Supreme Court

> considered a federal grand jury indictment, which charged the petitioner with "having been 'found in the United States ... after being deported,' " in violation of 8 U.S.C. § 1326(a)--an offense carrying a maximum sentence of two years. 523 U.S., at 227, 118 S.Ct. 1219. Almendarez-Torres pleaded guilty to the indictment, admitting at the plea hearing that he had been deported, that he had unlawfully re-entered this country, and that "the earlier deportation had taken place 'pursuant to' three earlier 'convictions' for aggravated felonies." *Ibid.* The Government then filed a presentence report indicating that Almendarez-Torres' offense fell within the bounds of § 1326(b) because, as specified in that provision, his original deportation had been subsequent to an aggravated felony conviction; accordingly, Almendarez-Torres could be subject to a sentence of up to 20 years. Almendarez-Torres objected, contending that because the indictment "had not mentioned his earlier aggravated felony convictions," he could be sentenced to no more than two years in prison. *Ibid.*

> Rejecting Almendarez-Torres' objection, [the Supreme Court] concluded that sentencing him to a term higher than that attached to the offense alleged in the indictment did not violate the strictures of *Winship* in that case. Because Almendarez-Torres had admitted the three earlier convictions for aggravated felonies--all of which had been entered pursuant to proceedings with substantial procedural safeguards of their own--no question concerning the right to a jury trial or the standard of proof that would apply to a contested issue of fact was before the Court.... [O]ur conclusion in Almendarez-Torres turned heavily upon the fact that the additional sentence to which the defendant was subject was "the prior commission of a serious crime." 523 U.S., at 230, 118 S.Ct. 1219; *see also id.*, at 243, 118 S.Ct. 1219 (explaining that "recidivism ... is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence"); *id.*, at 244, 118 S.Ct. 1219 (emphasizing "the fact that recidivism 'does not relate to the commission of the offense ...' "); *Jones*, 526 U.S., at 249-250, n. 10, 119 S.Ct. 1215....

*Apprendi v. New Jersey*, 530 U.S. 466, 487-88 (2000). The Supreme Court in *Apprendi* held:

> ... Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.

Id., at 489. In *Blakely v. Washington, supra*,

> the Supreme Court reversed a sentence imposed under the State of Washington's determinate sentencing scheme after finding the trial judge had enhanced the defendant's kidnaping sentence beyond the statutory maximum based upon his own finding, by a preponderance of the evidence, the defendant had acted with "deliberate cruelty." 124 S.Ct. at 2537-38. In doing so, the Supreme Court reiterated its previous holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), but clarified that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 124 S.Ct. at 2537 (emphasis in original).

*United States v. Bucheit*, 134 Fed.Appx. 842, unpublished, 2005 Fed.App. 0431N (6th Cir. May 23,

2005). Here Jose Munoz-Levya admitted in open court that he illegally re-entered the United States after he had committed an aggravated felony here and had then been deported. He pleaded guilty to a violation of 8 U.S.C. § 1326(a) and (b)(2) because he was, in fact, guilty. His claim that he was unconstitutionally sentenced on the basis of prior convictions is without merit.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court

adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                           s/Mark R. Abel
                                                           United States Magistrate Judge